Alan Reinach, *pro hac vice pending*
Jonathon Cherne, *pro hac vice pending*
(Of Counsel)
CHURCH STATE COUNCIL
2686 Townsgate Road
Westlake Village, CA 91361
Tel: 805-413-7398
Email: ajreinach@churchstate.org
jcherne@churchstate.org

Jason Smith
Law Offices of Jason Smith
600 8th Ave
Fort Worth, TX 76104
817-334-0880

Attorneys for Plaintiff KEVIN VASQUEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Kevin Vasquez,<br><br>    Plaintiff,<br><br>    v.<br><br>Buc-ee's, LTD.; Buc-ee's 36; Buc-ee's Management, LLC.; Buc-ee's Services, LLC.; and DOES 1 to 10, inclusive,<br><br>    Defendants. | CASE NO. 3:24-cv-01510<br><br>**PLAINTIFF KEVIN VASQUEZ'S COMPLAINT FOR DAMAGES**<br><br>(1) Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964<br><br>**JURY TRIAL DEMANDED** |

**Parties**

1.     Plaintiff KEVIN VASQUEZ (hereinafter "VASQUEZ") was hired by Defendants Buc-ee's, LTD.; Buc-ee's 36; Buc-ee's Management, LLC.; Buc-ee's Services, LLC.; and DOES 1 to 10, inclusive, (collectively referred to hereinafter as "BUC-EE'S").  At all times relevant herein, VASQUEZ was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and is a member of a protected class based on his religion – Sunday

Observer.

2. Defendant BUC-EE'S is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*.  With respect to Plaintiff's claims for compensatory and punitive damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Defendant is an employer of more than 50 persons subject to that statute.

### Jurisdiction and Venue

3. This action is brought to remedy religious discrimination and retaliation against VASQUEZ. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment, a subject of commerce.

5. Venue is proper in the Dallas Division of the Northern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claim for relief arose out of his employment by Defendants in Terrell, Texas, where all relevant events and omissions supporting Plaintiff's claims for relief occurred.

6. Plaintiff timely filed a charge of discrimination alleging religious discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right-to-sue letter from the EEOC and has exhausted his administrative remedies and files this complaint within ninety (90) days of receipt of his EEOC right-to-sue letter.

7. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

### Factual Allegations

8. At all times relevant herein, VASQUEZ is a Christian and observes Sunday as a day of rest and worship based on his understanding of the Bible.

9. VASQUEZ believes that the Bible teaches him to observe Sunday as a day of rest

2

_____
PLAINTIFF KEVIN VASQUEZ'S COMPLAINT FOR DAMAGES

during which time secular work is not to be performed.

10. On or about September 26, 2023, BUC-EE'S interviewed VASQUEZ for a position in their deli.

11. During the interview, VASQUEZ informed BUC-EE'S that he observed Sunday as the Sabbath and requested a religious accommodation to refrain from working on Sundays.

12. BUC-EE'S offered VASQUEZ the position in the deli at the Terrell, Texas location.

13. On or about October 5, 2023, VASQUEZ began working at the Terrell, Texas BUC-EE'S.

14. BUC-EE'S did not schedule VASQUEZ to work the first three Sundays of his employment.

15. However, BUC-EE'S then scheduled VASQUEZ to work on Sunday October 29, 2023.

16. VASQUEZ worked that Sunday, October 29, 2023, fearing discipline if he did not show up for work, thereby compromising his religious practice in order to keep his job.

17. VASQUEZ felt bad about violating his conscience, and on November 5, 2023, VASQUEZ gave his manager a religious accommodation request he had drafted two days earlier.

18. On November 9, 2023, during a meeting with his manager, VASQUEZ was read an email entitled "accommodation approved" and dated November 6, 2023.

19. The language of the email was misleading as his accommodation had *not* been approved.

20. On November 15, 2023, BUC-EE'S manager issued VASQUEZ a verbal warning for talking about his faith in the workplace.

21. On November 18, 2023, VASQUEZ gave BUC-EE'S a letter requesting BUC-EE'S follow through with the accommodation request.

22. That same day, BUC-EE'S issued VASQUEZ a written warning.

23. The written warning did not contain any new behavior or incident that VASQUEZ needed to address.

_____
PLAINTIFF KEVIN VASQUEZ'S COMPLAINT FOR DAMAGES

24. BUC-EE'S refused to allow VASQUEZ to take a copy of the written write up.

25. On November 24, 2024, VASQUEZ gave a two-week notice after BUC-EE'S failed to accommodate his religious observance and knowing that staying would mean being forced to work on Sundays.

26. VASQUEZ was constructively discharged in that BUC-EE'S refused to accommodate his Sunday Sabbath observance.

27. On March 20, 2024, the EEOC issued VASQUEZ a right to sue.

### First Cause of Action
### Religious Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

28. VASQUEZ incorporates by reference all of the above allegations as though repeated and set forth in full herein.

29. Under Title VII, it is unlawful for an employer to discharge a person or "to discriminate against any person with respect to her [or her] compensation, terms, conditions, or privileges of employment" because of a person's "religion." 42 U.S.C. § 2000e-2. A person's religion "includes all aspects of religious observance and practice, as well as belief." *Id* at § 2000e.

30. When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice, unless doing so would cause an undue hardship on the business. 42 U.S.C. 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." *Id.*

31. VASQUEZ was qualified for the position he held at BUC-EE'S, which is why he was hired, and had been performing satisfactorily.

32. VASQUEZ is a member of a protected class, based on his religion – Christian, and based on his practice of observing Sunday as a day of rest and worship.

33. VASQUEZ gave both oral and written notice to BUC-EE'S of his religious observance and that to require him to work Sundays conflicted with his religious convictions of

1  Sabbath observance.  VASQUEZ requested that he be scheduled on days other than Sundays.
2  This accommodation would allow VASQUEZ to observe the tenets of his religion.
3      34.    BUC-EE'S failed to accommodate VASQUEZ, instead scheduling him to work
4  Sunday shifts that conflicted with his sincerely held religious belief.
5      35.    BUC-EE'S also retaliated against VASQUEZ by issuing verbal and written
6  discipline after he requested religious accommodation.
7      36.    BUC-EE'S subjected VASQUEZ to a choice between his religion and his job, by
8  failing to provide a religious accommodation, thereby making it clear to VASQUEZ that he
9  would have to continue working on Sundays, when scheduled or else be fired.
10     37.    Such religious coercion is a form of discrimination and harassment in violation of
11 VASQUEZ' rights under Title VII of the Civil Rights Act.
12     38.    Faced with a choice between faithfulness to God and keeping a job, VASQUEZ
13 submitted notice to the employer, and was constructively terminated in order to continue
14 observing his religious practice of abstaining from work on Sunday.
15     39.    Defendant's constructive termination of VASQUEZ was substantially motivated
16 by his religion, in that BUC-EE'S constructively terminated VASQUEZ because he requested
17 religious accommodation and/or because he refused to work during his sabbath in violation of his
18 faith.
19     40.    Based on information and belief, BUC-EE'S treated other individuals more
20 favorably, allowing them off on Sundays for non-religious reasons.
21     41.    The actions complained of herein constitute religious discrimination, failure to
22 accommodate, retaliation and harassment, all in violation of Title VII's prohibition against
23 religious discrimination. .
24     42.    As a direct and proximate result of Defendant's discriminatory actions against
25 Plaintiff, Plaintiff has suffered harm in the form of past and future lost wages and benefits and
26 other pecuniary loss, including, but not limited to, costs associated with finding other
27 employment.
28     43.    As a further direct and proximate result of Defendant's discriminatory actions

PLAINTIFF KEVIN VASQUEZ'S COMPLAINT FOR DAMAGES

against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

44. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

45. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### **Prayer for Relief**

WHEREFORE, Plaintiff KEVIN VASQUEZ respectfully requests the following relief:

1. Compensatory economic damages including, but not limited to, back pay, lost value of benefits, in an amount according to proof at trial;

2. Compensatory non-economic damages including, but not limited to, past and future pain, suffering and emotional distress, in the full amount permitted by statute, to be determined according to proof at trial;

3. Injunctive relief ordering Defendant to reinstate Plaintiff to the actual position, with all the accrued benefits to which he would have become entitled, or in the alternative, front pay in lieu of reinstatement;

4. Injunctive relief, including, but not limited to, court ordered training on prevention religious discrimination, training on providing religious accommodations, and court ordered prohibition on engaging in future discrimination or retaliation, along with any other appropriate injunctive relief according to proof at trial;

5. Declaratory relief in the form of a declaration that Plaintiff VASQUEZ was constructively terminated for unlawful discriminatory reasons, along with any other appropriate declaratory relief according to proof at trial;

6. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs;

7. Order Defendant to pay pre-judgment and post-judgment interest on all monetary awards;

8. Order Defendant to pay Plaintiff punitive damages for its despicable conduct, pursuant to Title VII of the Civil Rights Act; and

9. Grant such further relief as this Court deems just and proper.

DATED:    June 17, 2024

                                              Respectfully submitted,

                                              _/s/ Jonathon Cherne_____

                                              By: Jonathon Cherne
                                              Attorneys for Plaintiff

PLAINTIFF KEVIN VASQUEZ'S COMPLAINT FOR DAMAGES